No. 05-206

IN THE SUPREME COURT OF THE STATE OF MONTANA

2007 MT 206

ALAN and STEPHANIE SHAMMEL, MAURICE and
BETTY MAE SHAMMEL, JACK and IDA RUCKMAN,
BOB and VICKY RUCKMAN, LEWIS and MONA
HARRELL, and DANIEL and LORI HARRELL, individually,

      Plaintiffs and Appellants,

    v.

CANYON RESOURCES CORPORATION, a Delaware
Corporation, and C. R. KENDALL CORPORATION,
a Colorado Corporation,

      Defendants and Respondents.

APPEAL FROM:    The District Court of the Tenth Judicial District,
In and For the County of Fergus, Cause No. DV 2001-116,
Honorable E. Wayne Phillips, Presiding Judge

COUNSEL OF RECORD:

      For Appellants:

          A. Clifford Edwards (argued) and Roger W. Frickle, Edwards, Frickle,
Anner, Hughes, Cook & Culver, Billings, Montana

      For Respondents:

          Ronald F. Waterman (argued), Thomas J. Hattersley III, and Teri A.
Walter, Gough, Shanahan, Johnson & Waterman, Helena, Montana

          Argued:  March 8, 2006
      Submitted:  March 18, 2006
        Decided:  August 20, 2007

Filed:

_____
Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

¶1 The Plaintiffs, members of the Shammel, Ruckman, and Harrell families (collectively, "Shammels"), sued Canyon Resources Corporation and its wholly owned subsidiary, C. R. Kendall Corporation (collectively "Canyon"), for allegedly contaminating the Shammels' property and diminishing water flows thereto. In addition to other various tort claims, the Shammels asserted a distinct right to recover money damages for a constitutional tort, based on Canyon's alleged violation of their constitutional right to a "clean and healthful environment," Montana Constitution, Article II, Section 3, and Article IX, Section 1. The District Court held that these provisions do not "authorize[] a cause of action in tort as between two private parties." The District Court certified its order denying the availability of such a constitutional tort as a final order, pursuant to M. R. Civ. P. 54(b). The Shammels now appeal. We affirm and remand.

¶2 The sole issue presented is whether the constitutional right to a clean and healthful environment, Montana Constitution, Article II, Section 3, and Article IX, Section 1, provides for the recovery of money damages in a constitutional tort action between private parties.

## FACTUAL AND PROCEDURAL BACKGROUND

¶3 Between the late 1980's and the mid-1990's, C. R. Kendall Corporation operated a cyanide heap-leach mine in the North Moccasin Mountain Range. The Shammels own various properties downgradient of and downstream from the site of the former mine.

The Shammels allege that the piles of tailings produced by C. R. Kendall's operation of the mine (and left on the site following C. R. Kendall's cessation of active mining) have infused the drainage's waters with toxic leachate. According to the Shammels, storm water and spring run-off that seeped through the tailing piles would flow onto the Shammels' property via surface streams and an aquifer, allegedly contaminating the property with arsenic, cyanide, thallium, selenium, nitrate, sulfate and lead. Consequently, in 1996, at the behest of the Department of Environmental Quality (DEQ), Canyon installed a "pump-back" system to redirect water that had become contaminated through contact with the tailing piles back onto Canyon's property, so that it would not enter the aquifer or surface streams, and would no longer reach the Shammels' property.

¶4 In 1998, the Shammels apparently noticed a reduction in stream flow levels and the level of the water table in the aquifer, which they attributed to Canyon's physically altering the topography within the drainage, as well as its implementation of the pump-back system. In response to the Shammels' voicing these concerns, and again at the behest of DEQ, Canyon began augmenting stream flows below the mine site with diverted, purportedly uncontaminated water taken from above the mine site and from deep wells on the mine site. Despite these efforts, the Shammels claim that surface stream flows on their properties have not returned to normal "historic" levels. The Shammels attribute this diminution to Canyon's activities, which, they allege, have drawn down the aquifer and thereby damaged the Shammels' real property. Moreover, the Shammels maintain that elevated levels of toxic contaminants persist in the surface

3

streams, and that a plume of toxic pollution is presently migrating through the aquifer. The Shammels also vaguely assert some aesthetic injury as a result of Canyon's invasive mining of the adjacent mountains.

¶5 The Shammels filed suit alleging trespass—based on the water-borne pollutants that reached their lands—negligence, and nuisance—based on reduced stream flows, depletion of the aquifer and, presumably, aesthetic effects. More than three years after filing their complaint, and during the final pre-trial conference, the Shammels first indicated their desire to recover for a constitutional tort—based on Canyon's alleged interference with the Shammels' right to a clean and healthful environment, pursuant to Montana Constitution, Article II, Section 3, and Article IX, Section 1.

¶6 The District Court and the parties subsequently agreed to postpone trial, submit briefs addressing the issue of whether Montana law authorizes such a constitutional tort, and designate the District Court's ruling on the issue as a final order, subject to immediate appeal, pursuant to M. R. Civ. P. 54(b). The District Court held that a proven violation of the constitutional right to a clean and healthful environment does not authorize a distinct, constitutionally based cause of action in tort between two private parties for money damages. The Shammels promptly appealed the District Court's ruling. For the following reasons, we affirm.

4

## STANDARD OF REVIEW

¶7     When resolution of an issue involves a question of constitutional law, this Court exercises plenary review of a district court's interpretation of the law. *Seven Up Pete Venture v. State*, 2005 MT 146, ¶ 18, 327 Mont. 306, ¶ 18, 114 P.3d 1009, ¶ 18.

## DISCUSSION

¶8     In *Sunburst v. Texaco*, 2007 MT 183, __ Mont. __, __ P.3d __, this Court concluded that, where adequate alternative remedies exist under the common law or statute, the constitutional right to a clean and healthful environment, shared by all Montanans, Montana Constitution, Article II, Section 3 and Article IX, Section 1, does not support a cause of action for money damages between two private parties. We reached this conclusion because restoration damages are now available to plaintiffs whose land suffers from environmental pollution, and such damages provide an adequate alternate remedy that will "restore a private party back to the position that it occupied before the tort." *Sunburst*, ¶ 64.

¶9     On the record before us, the Shammels have provided no indication that traditional tort remedies, amplified by restoration damages, will not afford them complete redress for the environmental damage allegedly perpetrated by Canyon. Full restoration of the Shammels' property may necessitate completion of remediation activities on property not owned by the Shammels. While this fact potentially distinguishes this case from *Sunburst*, at this juncture we find this distinction to be without significance. In their complaint, the Shammels requested money damages and "all further relief as may be

5

appropriate and just under the circumstances." Assuming the Shammels establish tort liability, this prayer for relief would enable the court, pursuant to its equitable powers, to order Canyon to remediate the former mine site sufficiently to restore the Shammels' property to its pre-tort condition.

¶10 Where adequate alternative remedies exist under the common law or statute, the constitutional right to a clean and healthful environment does not authorize a distinct cause of action in tort for money damages between two private parties. We affirm and remand for further proceedings consistent with this Opinion.

/S/ W. WILLIAM LEAPHART

We concur:

/S/ KARLA M. GRAY
/S/ PATRICIA COTTER
/S/ JIM RICE
/S/ JAMES C. NELSON
/S/ JOHN WARNER
/S/ BRIAN MORRIS